Schwerin and Sumcad
84 West Santa Clara Street, Suite 550
San Jose, CA 95113
Telephone Number: 408-295-4232
FAX: 408-295-4771
Email: msumcad@ix.netcom.com
Millie Anne M.L. Sumcad (CA State Bar Number 127091)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

No. C07 05595 RS

| | |
|---|---|
| Lavanya Agrawal | COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS |
| Plaintiff, | |
| v. | (Immigration Matter A#075 473 986) |
| Michael Chertoff, Secretary, DHS, | |
| Emilio T. Gonzales, USCIS Director, | |
| Rosemary Melville, District Director USCIS | |
| San Francisco District Office, | |
| Francis Siciliano, Officer-in-Charge USCIS | |
| San Jose Sub-office, | |
| Robert Mueller, Director FBI | |
| Peter Keisler, Acting US Attorney General | |

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff by her attorney complaining of Defendants allege as follows:

INTRODUCTION

1. The Court has jurisdiction in this civil action pursuant to 8 U.S.C. § 1329, 28 USC § 1331 and 1361, 28 USC 1651 and 5 USC § 555 (b) and 701 et seq. to redress the deprivation of rights,

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

1. privileges and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty Defendants owe to Plaintiff.

2. This action is brought to compel Defendants and those acting under him to rule upon Plaintiff's application for US citizenship (Form N-400) as required by 8 USC § 1447, which requires Defendants to rule on Plaintiff's application within 120 days of Plaintiff's examination on her N-400 application which examination occurred on April 18, 2006.

## PARTIES

3. Plaintiff is a 44-year-old citizen of India residing at 5053 Doyle Road, San Jose, California 95129, which is located in Santa Clara County and within the jurisdiction of this Court. From May 3, 2001 to October 13, 2005, Plaintiff was a Teacher's Assistant at the Cupertino Union School District.

4. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Defendant Emilio T. Gonzales is the Director of United States Citizenship and Immigration Services (USCIS). Defendant Rosemary Melville is the District Director of the USCIS San Francisco District Office and Francis Siciliano is the Officer in Charge of the USCIS San Jose, CA sub-office. Defendant Robert Mueller is the Director of the Federal Bureau of Investigation (FBI) and is responsible for completing all security clearances including fingerprinting and name checks. Defendant Peter Keisler is the Acting Attorney General of the United States. All defendants are sued in their official capacities. Defendants are charged by law with the statutory obligation to adjudicate applications for United States citizenship (N-400) according to 8 USC § 1421, 1443, 1446.

## FACTS

5. On or about December 1, 2005, Plaintiff filed an application for United States citizenship (Form N-400) under 8 USC § 1445 with the Defendants. The application was mailed to the USCIS California Service Center in Laguna Niguel, California, which has jurisdiction over Plaintiff's residence and application.

1  perform work of national importance under civilian direction if required by law. 8 USC
2  §1448(a), (b) (A)-(C).
3  12. Further, on April 18, 2006, Plaintiff was statutorily eligible for United States citizenship
4  because Plaintiff passed the English and civics test. However, at the conclusion of Plaintiff's
5  examination, Defendants advised Plaintiff it could not render a decision on Plaintiff's application
6  because her background check was not completed, specifically, her application was "awaiting
7  FBI Name Check".
8  13. Based upon the latest edition of Defendants "U.S. Citizenship and Immigration Services San
9  Jose CA Processing Dates" dated October 15, 2007, which is available to the public on
10 Defendants web site (www.uscis.gov) and which lists the normal period prescribed by
11 Defendants for ruling upon an application for United States citizenship (N-400), the normal
12 period for adjudicating Plaintiff's application for US citizenship has long since passed. The San
13 Jose USCIS sub-office is processing N-400 applications filed on February 22, 2007. Plaintiff's
14 application was filed on December 1, 2005.
15 14. Plaintiff has sent numerous inquiries to the Defendants requesting the status of her
16 application. On July 18, 2006, Plaintiff received written notification from Defendants advising
17 her that the processing of her case was delayed because "investigation into your name check
18 remains open". On December 7, 2006, Plaintiff scheduled a follow-up inquiry with Defendants
19 and was advised that her application was still pending and Defendants could not provide an
20 estimate of when Plaintiff could expect a decision. On October 11, 2007, Plaintiff again
21 scheduled a follow-up inquiry with Defendants and was advised that she had a right to request a
22 hearing before the U.S. district court as noted on the USCIS form (N-652) which was issued to
23 her at the time of her naturalization interview on April 18, 2006.

## CLAIMS

25 15. Defendants have unreasonably delayed their adjudication of Plaintiff's application for
26 United States citizenship, thereby depriving her of the right to have her application adjudicated
27 within the statutory period or even within a reasonable amount of time, and the opportunity to
28 become a United States citizen.

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

16. Defendants' continued refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law and regulations.

17. Further, Defendants failure to make a determination within 120 days after the date of Plaintiff's examination is not in accordance with 8 USC § 1447.

18. Plaintiff has been greatly damaged by Defendants failure to act in accordance with their duties under the law and regulations. Plaintiff's husband and two minor children are all United States citizens. Plaintiff was a Teacher's Assistant at the Cupertino Union School District from May 3, 2001 until October 13, 2005. As a condition of her employment as a Teacher's Assistant, Plaintiff underwent a background check and fingerprinting clearance.

19. Defendants owe Plaintiff the duty to act upon her application for United States citizenship and by unlawfully withholding or unreasonably delaying action on the Plaintiff's application, they have failed to perform their adjudicative and administrative functions delegated to them by law.

20. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants to perform their duty to rule upon Plaintiff's application for United States citizenship;

(2) Grant such other and further relief as to this Court seems proper under the circumstances ; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,

Dated: 11/2/2007

Millie Anne M.L. Sumcad

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

-5-